**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ADCHEMY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N15C-03-096 MMJ CCLD |
| | ) | |
| PLATEAU DATA SERVICES, LLC, | ) | |
| and ZETA INTERACTIVE, formerly | ) | |
| known as XL MARKETING CORP., | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: January 9, 2018
Decided: January 18, 2018

On Defendants' Motion for Reargument on the
Court's December 19, 2017 Opinion on
Plaintiff Adchemy's Motion *in Limine*
to Preclude Evidence Relating to Damages Excluded by Contract
**DENIED**

## ORDER

JOHNSTON, J.

By Memorandum Opinion dated December 19, 2017, the Court granted

Plaintiff Adchemy's Inc.'s Motion *in Limine* to Preclude Evidence Relating to

Damages Excluded by Contract. The Court held that "all remaining counterclaims

are in essence claims for breaches of representations and warranties. Thus, Article

VII Indemnification controls as the defined Exclusive Remedy. Damages in the

form of consequential, opportunity cost, loss of anticipated or future business, and profits, are specifically excluded."

Defendants have moved for reargument. Defendants contend that the Court committed two clear errors of law, resulting in manifest injustice against Defendant Zeta:

- The Court's treatment of a motion *in limine* as a late-filed motion for summary judgment, without affording Zeta a full briefing and hearing on the merits, as required by Rule 56.

- The Court's failure to allow an ambiguous contract interpretation issue to be decided by a jury.

Although Zeta requested reargument on the basis that it should have been entitled to full briefing and oral argument, Zeta has failed to identify any substantive argument it would have made in more extensive submissions to the Court. Instead, Zeta uses over 4 pages of its Motion for Reargument asserting that it should have had more pages.

Additionally, the parties were granted the opportunity to present their positions twice - as part of the motion *in limine* process, and through supplemental briefing requested by the Special Master. Defendants did not seek an extension of page limitations.

Briefing and oral argument, while generally subject to the rules of procedure, are entirely within the discretion of the Court. In this circumstance, the Court could have declined altogether to address the Motion *in Limine* as an

1

untimely summary judgment motion. However, in the interest of judicial economy, the Court determined that the Motion *in Limine* presented a substantial legal issue that would have to be resolved before the case is presented to the jury. Rather than wait until the eve of trial, the Court decided the issue in order to inform the parties and streamline their preparations for trial (and any potential settlement negotiations). Defendants have failed to set forth any prejudice aside from vague contentions that they needed full briefing.

Defendants also argue that the jury was deprived the opportunity of deciding ambiguous contract terms governing damages. This argument contradicts Defendants' earlier position that the relevant contract terms were defined and no extrinsic evidence exists to assist in interpreting the contract.

In its December 19, 2017 Memorandum Opinion, the Court found as a matter of law that the contract was unambiguous on the issues of the nature of Defendants' counterclaims; and derivatively, Defendant's entitlement to lost profits damages on the counterclaims. The damages issues left for jury resolution are: whether Defendants are entitled to damages as a result of Plaintiff's transfer of encumbered subject domain names to purchasers in violation of the contract; and if so, the proper measure of damages.

The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[1] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the decision.[2] "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[3] To the extent Defendants asserted issues that were not raised in the submissions in support of its motion, new arguments may not be presented for the first time in a motion for reargument.[4]

The Court has reviewed and considered the parties' written submissions and arguments. The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision.

---

[1] *Hessler, Inc. v. Farrell,* 260 A.2d 701, 702 (Del. 1969).

[2] *Ferguson v. Vakili,* 2005 WL 628026, at *1 (Del. Super.).

[3] *Wilmington Trust Co. v. Nix,* 2002 WL 356371, at *1 (Del. Super.).

[4] *Oliver v. Boston University,* 2006 WL 4782232, at *1 (Del. Ch.).

3

**THEREFORE,** Defendants' Motion for Reargument on the Court's December 19, 2017 Opinion on Plaintiff Adchemy's Motion *in Limine* to Preclude Evidence Relating to Damages Excluded by Contract is hereby **DENIED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

4